Good morning, Counsel. Good morning, Your Honors. Tanya Morrow representing Corey Weidner from Medford, Oregon. Pleased to be here today. Always honored. I'm going to start out with the strongest argument, which is that the state's post-conviction court's decision that the timing was not right for appellate counsel to do something to ensure that Mr. Weidner got the benefit of the new rule of constitutional procedure, and that new rule was the Southard standard, is not only wrong, it's unreasonable. And I think the circumstances in this case point out that the general presumption that the lower courts know what the law is, is sort of rebutted here. I hate to be so strong about it, but both the appellate counsel and the post-conviction court missed the big point and failed to understand that the Federal constitutional principle that new rules apply, in all cases that are not final, was wholly missed in this case, and that's what makes it unreasonable. This is the principle that required appellate counsel to do something. She had a duty to act. And so the timing, in fact, was right for Mr. Weidner. The new rule issued before his case became final, and although it became, you know, it caused a conundrum for counsel with regard to the timing of the issuance of the Southard decision, the actual rules of Oregon appellate procedure contemplated the situation. Well, let's talk about that for a moment. Isn't there at least one case, I think it's Dominguez, that basically says that the issue has to be raised prior to the court applying the plein air Oregon law? There was — there has been several cases in the courts that have suggested we don't want to hear a new issue raised in a petition for a reconsideration. Dominguez is one of those cases. That's one of those cases. That's correct. That was the issue that the State actually litigated as a defense in the post-conviction. The PCR court did not — did not reject Mr. Weidner's claim on that basis. What it did was it just said that the — But it's still — it's still law. But it's actually not, Your Honor. And I did file a 28J letter in case — because there is an older case that was out there, and a newer case actually was issued in 2009. It was an en banc opinion of the Oregon Supreme Court. In the name of it? Hold on a second, if I may. It's State v. Hagberg. So it's in the 28J letter that's filed with the court. And it was issued in 2009, just a couple days after, in this case, the Court of Appeals denied the petition for reconsideration. It issued just within days of that. And in that case, they reestablished — in that case, the State sought leave to file a late petition for review at the Supreme Court after the United States Supreme Court issued its ICE decision in 2009. And the court granted it. And the court stated — let me see if I can pull that up. Well, counsel, why was that in the 28J letter? If that was the state of the law, why wasn't that in your original brief? Because, Your Honor, the State really hasn't — the State's focus was what the post-conviction ended up — court ended up ruling. And that was the timing of the issue. The other issue that was litigated, and it was raised by the post-conviction counsel, was the fact that there was this other rule that allows for, you know, the waiver of the timing of the 14-day rule. Both — both the petition for reconsideration at the Court of Appeals and the petition for review at the Supreme Court require you to do that within 14 days. And that was — that rule was waived by — by the Supreme Court in the Hagberg case as well. Let me ask you, so I can follow you here. So you recognize the Dominguez case as a problem? It's not — Let me ask you — and — but I — just to make sure I understand you. The Hagberg case occurred before Dominguez? And was it a Supreme Court decision? It was a Supreme Court decision that issued prior to counsel's decision not to raise the issue in front of the United — the Oregon Supreme Court, when she had the opportunity to file a petition for reconsideration. I'm just trying to figure out, what do we do with Dominguez? Dominguez — well, let me tell you why Dominguez also isn't applicable. There is — there's older case law, and it's also cited in — in my — in my brief. The — or, excuse me, 28J letter, Kentner v. Golf Insurance Company, which stands for the proposition that it's — that this judicial rule that we don't normally want to — we won't consider a new issue raised in the petition for reconsideration is a general rule designed to prevent a party from appealing in a piecemeal fashion, to keep a party from shifting its position, and to promote the finality of appellate court's decision in conserved judicial time. So — and there are other cases out there, I think there were referenced in Dominguez that in — you know, that — that used the term that it was — that it's ordinarily not the case, that the Court will issue — will hear a new — new rule. But the reason why this — Well, that Dominguez case stands out there alone. But it's never — it's never been distinguished. I — I did find a case in the Supreme Court, at least, where I think the concurring opinion by Justice Gillette, I think his name was, basically said Dominguez doesn't make any sense. But it seems to me it's still good law. It overstated the law. And actually, in a court of appeals case in 2017, which is cited in the 28-J letter, Vasquez v. Double — Double Press Manufacturing, they reaffirm this position. They — they do a survey of all the cases, and they reaffirm this position that — that back in 19 — excuse me, 1984, in the Kettner case, the purpose of the judicial rule was stated. And it's — it's not — it is something to just prevent parties from — from doing piecemeal appellate advocacy. It's not — it's — and — and the reason — And that's what we have here. But your position is, because Sothard came afterwards, there's — it was plein air. But let me ask you about the timing here, just to make sure. I think the decision was made 2009, sometime at the end of August, and then a motion for reconsideration was made. And there was a decision — I know that Sothard came out in October 1. And then there was a — there was a decision before that, before Sothard. So what is there — was there a procedural basis whereby the attorney representing Mr. Weidner or Weidner — was there a procedural basis for his counsel to have filed a motion for reconsideration? I didn't — Yes. — supply anything. I know that — that it's the position, your position, that counsel should have done that. There were two rules that — that provided the process, that the post-conviction court unreasonably said there was no process. There were two rules that provided the process. One was — or at 6.25, which says that a petition for reconsideration can raise issues related to a change in case law since the Court of Appeals' decision. But there was a — there was already a petition for reconsideration. And that was all that was allowed. So then — so then — The second rule comes into play. And so then what should the attorney have done? File another motion for reconsideration? Yes. And again, the State used this procedure in Hagbard. It was the State that used this procedure of asking the court to waive its — its rule about its 14-day period for filing a petition for review at the Supreme Court. Well, but then the problem that appellate counsel would run into is the fact that this issue was not raised below. And so there is case law in Oregon that says even where the laws change, if the issue is not raised or preserved below, the petition could be denied. And then I think the difficulty in this case is that you are here on habeas review, which means that we have to assess the reasonableness of the state court's ruling. So in light of the lack of clarity regarding whether a petition based on new case law would be granted, doesn't that end the inquiry because of our deferential review? The bottom line here is that given the overlay of postconviction and — and the fact that claims must be exhausted before they can come in front of the Federal court or otherwise, the fact that a new rule comes down before a case is final requires appellate counsel to act. That's the bottom line. Because otherwise in the postconviction case, the — the State's going to be claiming that appellate counsel could have acted, and she didn't, because — and that's why he's not entitled to due process relief. But regardless of whether the issue was ever raised below? Regardless, because that was a judicial rule, and it — it goes back to its purpose, as stated in 1984, which was reaffirmed by the Court in 2017, was merely to avoid piecemeal litigation at the appellate level. But this is about a rule that specifically says you can bring up new case law after the court of appeals decision, and there's no reason for counsel to have not sought to, within that two-week period that she had, to seek a new — you know, to strike the prior petition for reconsideration and file a new one, and or just simply ask the Supreme Court on petition for review to raise the new issue, because it has to do with the Federal principle that new rules of — of criminal procedure applies to cases on — if the — the case is not final. That's really important. Otherwise, they're not going to get relief. When did you file the 28J letter? This morning, unfortunately. Oh, I was wondering, because I — Yeah. I provided — I provided counsel the cases. But you didn't provide us to it. Oh, I'm sorry. I did not bring — I did not bring it to you. This is the case that you're positing your entire argument on, and we — we have not seen it yet. I'm sorry, Your Honors. I really don't mean that. What — what — what we are arguing is that the plain language of the rule says it. It says you can bring up new issues or new — you can bring up on petition for consideration, you can raise new case law after the rendering of the court of appeals. It seems — it's plain language. It's — it's — it's plain as day, and so is the rule regarding waiving two weeks and time limitations when there's just cause. But didn't counsel file an affidavit saying that counsel in their office did not raise other issues because, at that time, it was contrary to the law? That's — that was her reasoning. Why isn't that — She — she believed this judicial rule prevented her from — from doing that. Why isn't that reasonable? But if she had looked at the law, if she had looked at the Hagberg case, she would have seen that the State utilized the same procedure just that same year. But you didn't look at it until this morning, so why was it unreasonable for her not to look at it? Because the language of the rule itself says you can bring up new case law after you file — after the — in a petition for reconsideration. It says it plain as day. The rules anticipated this situation, where a criminal case would become not final before a new criminal procedure — new principle of criminal law applies. Let me ask you, which has been asked, about the fact that this is an ahabeous situation here. I can't tell whether in Oregon there is a right to appeal to the Supreme Court or whether it's discretionary. It's discretionary. Okay. If — and — but it's discretionary. There is some Supreme Court law — I think it was Judge Rehnquist or Justice Rehnquist who said that if it's discretionary, there is no right to appeal. So what difference does that make on ineffective assistance of counsel? Because in order for him to get the application of the rule in postconviction, if — if — if she had the duty to try, because if she didn't, in the postconviction, the State would have said he was not entitled to due process because she didn't try. Okay. So you're dealing — you're looking at it from the perspective, if it is discretionary that — to — to have an attorney on appeal in Oregon, you're saying it was a matter of due process, not ineffective assistance of counsel? No, I'm sorry. Because if you don't have — you're not entitled to an attorney. No, you're entitled to an attorney in Oregon. It's just — In Oregon. Yes, you are. All the way through the Supreme Court. Even though it's discretionary, that in your case, the discretion — the discretion was granted? Is that what you're saying? I'm sorry. We got crossways here. You have a right to an attorney all through the — to the — to the Oregon Supreme Court. It's just the court — Supreme Court's jurisdiction and review is discretionary. No. You have a right to counsel all the way through in Oregon. Oh, so — but — but, you know, the case I'm talking about is a Justice Rehnquist opinion, and it's on habeas, and they were looking back at the — I think North Carolina, and the court said because it was discretionary in North Carolina, then there was no ineffective assistance of counsel. So what I'm saying here, and you seem to tell me, that all we look at here on habeas is the appellate situation, that the appellate courts and not the Supreme Court, because it's discretionary here, as it was in North Carolina. Well, I'm sorry. I don't — I'm not sure about the North Carolina. You have a right to an attorney, and so the attorney needs to exercise appropriate duties all the way through. If, in fact, she — they had tried to get the new rule applied to him in post-conviction through a due process claim, and she hadn't tried, the State would have been arguing that — that he was not entitled to it because it was defaulted because his appellate counsel didn't raise the issue on appeal. That's what would have happened. And so he — there was a conundrum there. The rule — the new rule should apply to him. His case was not final. And the only way to get it in — in him — the application was for her to at least try to get the court to apply that principle due process to him, because if she didn't — and the issue could not be raised as due process in the post-conviction. Post-conviction is known to be about ineffective assistance of counsel in Oregon. Aren't there some cases, though, where the court considered — sauthored, and they didn't remand it? There are some cases where the Supreme Court — And that's fine. Our point is that — No, no. The point is, you're talking about prejudice. So you have to establish that there is prejudice. And it seems to me that I've read some cases where the Supreme Court did not apply sauthored, and it had been raised for the first time on appeal. Am I wrong? We've — we've cited the authority that suggests, in the context, especially, of a recantation, the — the credibility issue. There should be no question that there's prejudice here with the diagnosis coming in when you've got a situation like this. So with regard to — there may have been a couple other cases where there are — there's a doctrine that suggests that it would have been harmless given other circumstances. And I think there might have been a case or two out there. But the majority of cases were remanded and were granted relief on — on plain error and sent back. You can — you're saying — And they're listed in the briefing. — those cases can't — are distinguishable. Have you distinguished them? Well, I'm — well, one of the ways is there's a — there's a specific case that talks about how important the credibility issue is in the context of the diagnosis — diagnosis sauthored — sauthored prohibition when you've got a recantation case. So, yes, I — you know. Were curative instructions given in those cases? No. I — not that I'm aware of. The one case — I'll just say there is one case that there was a — this is the Mildebrand case, which was, again, prior to — to this case in which the Supreme Court reaffirmed Middleton, which was an 83 case, and — and actually held, nope, this is evidence of — the experts said that they found evidence of deception, and what was reported was what the victim's experience was. The Supreme Court reversed that, saying that that's vouching, direct vouching. And even despite the fact that there was an admonishment to the jury in that case, in the trial case. So just an admonishment to the jury doesn't cure this issue in Oregon. And you can look at the Mildebrand — the Mildebrand case for that proposition. It was a 1988 case. Thank you. Thank you, counsel. We'll give you a minute for rebuttal. May it please the Court, I'm David Thompson, representing the Superintendent Taylor. With respect to the question of whether there was a process available to appellate counsel to raise the Southard issue, I think it's helpful to begin with what was the landscape that occurred in this case. There was no Southard-like objection made at trial. So you do not have an objection to the sex abuse diagnosis that was presented at trial. So you have an unpreserved issue at trial. Opening brief, and the only brief filed by the defendant after conviction in the Court of Appeals, did not raise a Southard issue, or a Southard-like issue. There was no issue raised regarding the admissibility of the sex abuse diagnosis in the defendant's brief to the Oregon Court of Appeals. So we have unpreserved in the trial court, not presented in the appellate brief. But there are cases that say that they don't have to do that because there is the plain air standard, and that even though it wasn't raised in the trial court, it wasn't raised initially at the Court of Appeals, the Court could reconsider it as plain air. Correct? Well, Your Honor, I think that there may be a case out there that says, yes, you might be able to raise it in a petition for reconsideration given this landscape. But here's what we have in this particular case that goes beyond that. After the brief was filed by the defendant . . . I think the case is the Laverne case. Yes. Isn't that the case I'm talking about? Are there any cases that have, at the Court of Appeals or the Supreme Court, have overruled that? Because they were relying on the Oregon case law or Oregon statute that said you don't have to raise it. And I've looked at the statute, and I don't see how you can read it any other way than to say, if it's plain air, you can raise it. Well, you can raise it at what stage is the question, Your Honor, and that's . . . In that case, they raised it on a motion for reconsideration at the Court of Appeals. At the Court of Appeals, that's correct. We're one step beyond that here, and that's what I wanted to complete the landscape. We have a motion for summary affirmance filed by the State after Petitioner filed the brief in the Court of Appeals. The Court of Appeals Petitioner's brief to the Court of Appeals regarded non-unanimous jury verdicts. There was a petition for reconsideration filed off of the summary affirmance, and that was filed within the time period for a petition for reconsideration. But Southert was issued after the petition for reconsideration was already filed. But isn't the under the Oregon rules of appellate procedure, you can still file a petition for reconsideration based on changed case law? And I thought that's what counsel was really relying on. Well, and that's not clear, Your Honor, because we already have a pending petition for reconsideration in place, and the question presented to the State post-conviction court was, was there a procedure available beyond the first petition for reconsideration, i.e., a second petition for reconsideration filed based on Southert having come down, was that available to appellate counsel? Now, that is a pure State law question, and the State post-conviction court resolved that question in favor of the superintendent and said there was no process, there was no procedure under State procedural law for appellate counsel to pursue consideration of Southert. Now this Court may think that's wrong. I might think that's wrong based on the plain language of the particular rules that are in play. But that is academic. It is an absolute bedrock principle on Federal habeas review that a Federal court will not review State court determinations of pure State law questions. And that's exactly what happened in this case with respect to the State post-conviction court, and then with the Oregon Court of Appeals when that case went up, and then on review to the Oregon Supreme Court. You have to look at it as a pure determination of a State law question, and regardless of what we may think about the correctness of that, it's a pure determination that we're dealing with. That's what you're dealing with, but you've got a predicate question upon which the Federal ineffectiveness claim turns. And if that predicate question is a pure State law question, and it has been resolved by the State court in a particular way, and that drives the decision for the ineffectiveness claim, the Federal habeas court cannot review the correctness. If that question has not been addressed, then we have a constitutional issue. Ineffective assistance of counsel, that's the point. So the ineffective assistance . . . then we need to go back and you were going to tell us that there wasn't any potential method and means for the attorney to raise the issue during that short period of time after Sothert and before . . . I guess it was after the decision was made, but before, it was actually then a petition for review was to be filed in the Supreme Court. So I need to have you consider what that lawyer should have done and why or what the lawyer did did not constitute ineffective assistance of counsel. Then we look at it at the stage where we're dealing with habeas. I think that we have to look at this, Your Honor, in direct response to your question is, all right, two prongs under Strickland, deficient performance and prejudice. So let's look at deficient performance because I think that's what's in play here. That's what was before the State post-conviction court. And the State post-conviction court had to decide this question. Did appellate counsel perform deficiently by not filing something, a second petition for reconsideration or a petition for review to the Oregon Supreme Court raising the Southert question? And the State post-conviction court concluded that under State procedural law, there was no mechanism for appellate counsel to pursue either of those things, a second petition for reconsideration or a petition for review, in order to try to get the benefit of the Southert decision. Now, if we are bound by that determination, when the State court interprets its own rules, that's right, we can't look behind that. You can't look behind it. And that's what drives the question on deficient performance. Was it deficient for appellate counsel to have not pursued something that State law didn't allow? And that's the point. There's your Sixth Amendment question. Was it deficient performance? No, it couldn't have been, because there was no available procedure under State law for appellate counsel to proceed, as Petitioner is now suggesting in front of this Court. And with that, unless the Court has further questions, I would simply ask you to affirm. Thank you. All right. Thank you, counsel. One minute for rebuttal. Thank you, Your Honors. The issue is not a State law issue. The issue was whether or not counsel was effective. That should be clear. Well, whether counsel is effective or not depends on whether there was a procedural vehicle available. Absolutely. That's my point. So, I mean, I'm sympathetic to your claim in the sense that as I read the Oregon Rule of Appellate Procedure 6.25, it does appear to provide a procedural vehicle for filing a petition for reconsideration once there's been a change in case law. And that is commonsensical. It makes sense. Plain language. But what do we do with the fact that the Oregon PCR Court said there was no procedural vehicle available? That sort of ends the inquiry, if you're sitting here on Federal habeas review. It does not, because the court, the post-conviction court was applying the Federal Strickland Rule. And integral into doing that is to determine what the actual law is that counsel could, should, or would have done. But how can we? So that doesn't make it a State law issue. How can we interpret the procedural rules differently than the State court does? How can we do that as a Federal court? Because, because post-conviction court was wrong, the two rules themselves provide the process. But on habeas, we don't get to do that. We don't get to review whether or not the State court decision was wrong. We just get to say whether or not the court was objectively unreasonable in making the ruling, given the deference that we have to give the State court decision. That's the problem. What you do is determine whether the post-conviction court was correct about whether counsel was ineffective or not. Involved in that decision is to know what Oregon law requires. Okay? So the court, the post-conviction court can get it wrong, and in fact, they did. And the State never challenged the issue about the timing, because the State used the process itself. But on habeas, here's the problem with your argument. On habeas, it doesn't matter if the State court got it wrong. We don't get to sit and review on whether or not the decision was right or wrong. I understand that, Your Honor. It has to be objectively unreasonable, and in this case it is because of the Federal principle that requires the new rule to be applied to a case that's not final yet, and this being the only way to do it. Thank you. All right. Thank you, counsel. Thank you to both counsel for your helpful arguments. The case is argued and submitted for decision by the court, and we are on recess until 9 a.m. tomorrow morning.
judges: Rawlinson, Nguyen, Silver